**SAMADDER, Appellant,**

v.

**KRAMER, et al., Appellees.**

[Cite as *Samadder v. Kramer* (2000), 138 Ohio App.3d 111.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 99AP–755.

Decided June 1, 2000.

*James H. Banks* and *Nina M. Najjar,* for appellant.

*Vorys, Sater, Seymour & Pease LLP* and *Alan T. Radnor,* for appellee Thomas W. Kramer, M.D.

*Arter & Hadden LLP* and *John P. Gartland,* for appellee Mount Carmel East Hospital/Mount Carmel East Medical Center.

LAZARUS, Judge.

Plaintiff-appellant, Gautam Samadder, M.D., appeals the June 8, 1999 judgment entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Mount Carmel East Hospital/Mount Carmel East Medical Center ("Mount Carmel") and Thomas W. Kramer, M.D. The trial court granted summary judgment and dismissed appellant's complaint on the ground that appellant failed to exhaust his administrative remedies. For the reasons that follow, we reverse.

On June 6, 1998, appellant filed a complaint against appellees alleging claims of discrimination based upon race and/or national origin, defamation, invasion of privacy, and breach of the hospital's medical staff by-laws. All claims generally arose out of restrictions placed on appellant's clinical privileges to perform bronchoscopies at Mount Carmel by Dr. Kramer, Chairman of the Department of Medicine, in mid–1997.

On September 8, 1998, appellees filed a joint motion to dismiss appellant's complaint on the ground that appellant failed to exhaust his administrative remedies prior to filing suit as required by *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 564 N.E.2d 477. In particular, appellees argued that appellant failed to exhaust the remedies provided under Mount Carmel's Medical Staff By–Laws and Fair Hearing Plan, which entitled appellant to an evidentiary hearing before an *ad hoc* committee of physician peers to address medical issues regarding appellant's medical skills and his privileges. On November 25, 1998, the trial court denied appellees' joint motion to dismiss, finding that appellant's complaint raised sufficient allegations that appellant requested an administrative

hearing but that appellees denied him one. On December 9, 1998, appellees filed their respective answers.

On December 10, 1998, appellees filed a joint motion for summary judgment, again arguing that appellant's complaint should be dismissed for failure to exhaust administrative remedies in particular, that appellant failed to take advantage of Mount Carmel's "renewed" offer of a hearing. In support of their motion, appellees attached an affidavit of Joseph T. Calvaruso, president and chief executive officer of Mount Carmel. In the affidavit, Calvaruso stated that, on October 7, 1998, he had sent, by certified mail, correspondence to appellant informing him that the hospital's Medical Executive Committee had approved the continuation of the suspension of appellant's privileges to perform bronchoscopy procedures until a proctoring arrangement could be put in place. The affidavit further stated that, pursuant to Mount Carmel's Medical Staff By Law and Fair Hearing Plan, appellant could request a hearing before an *ad hoc* committee of the medical staff and that, even though the by-laws provide a thirty-day period to request such a hearing, the hospital would extend the period beyond thirty days for a reasonable time in appellant's case. According to appellees' motion, given that Mount Carmel was "now ready, willing, and able to provide Dr. Samadder all rights set forth in the Fair Hearing Plan," no genuine issue of fact existed that appellant was required to exhaust this administrative remedy before seeking judicial review.

In response, appellant filed his own affidavit. In the affidavit, appellant stated, *inter alia,* that he requested a hearing in mid–1997 when the adverse action was first taken against him, that appellee Kramer refused to afford him a hearing, and that Kramer advised appellant that a hearing would not change anything, as the decisions regarding his practice had already been made.

A hearing was held on appellees' motion on May 11, 1999. At the hearing, appellees again reiterated that the offer of an administrative hearing was still open and could be accepted by appellant. By judgment entry filed June 8, 1999, the trial court entered summary judgment for appellees on the grounds that appellant was required to exhaust his administrative remedies prior to seeking judicial review. In so doing, the court specifically based its decision on the fact that appellant was being offered an opportunity for a hearing under the Mount Carmel Medical Staff By–Laws.

It is from this judgment entry that appellant appeals raising the following three assignments of error:

## ASSIGNMENT OF ERROR NO. 1:

"The trial court erred in granting summary judgment where defendants' motion is not properly supported and there is a question of intent and motive based upon the undisputed facts."

### ASSIGNMENT OF ERROR NO. 2:

"The trial court erred in finding that exhaustion of administrative remedies is required in order for plaintiff to proceed on his race discrimination claim under Chapter 4112, his slander and defamation claims, and his invasion of privacy claims."

### ASSIGNMENT OF ERROR NO. 3:

"The trial court erred in making determinations of issues of fact in ruling on summary judgment."

In his first assignment of error, appellant challenges the trial court's decision to grant summary judgment based solely on the fact that Mount Carmel offered appellant an administrative hearing in October 1998. We agree.

Civ.R. 56(C) states that summary judgment shall be rendered forthwith if "the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

Accordingly, summary judgment is appropriate only where (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Tokles & Son, Inc. v. Midwestern Indemn. Co.*(1992), 65 Ohio St.3d 621, 629, 605 N.E.2d 936, 942–943, citing *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 65–66, 8 O.O.3d 73, 73–74, 375 N.E.2d 46, 46–47.

Furthermore, "the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 292, 662 N.E.2d 264, 273. Once the moving party meets its initial burden, the nonmovant must then set forth specific facts showing that there is a genuine issue for trial. *Id.* Finally, appellate review of summary judgment is *de novo*. *Koos v. Cent. Ohio Cellular, Inc.* (1994), 94 Ohio App.3d 579, 588, 641 N.E.2d 265, 271–272; *Midwest Specialties, Inc. v. Firestone Tire & Rubber Co.* (1988), 42 Ohio App.3d 6, 8, 536 N.E.2d 411, 413–414.

Here, appellees' joint motion for summary judgment and the trial court's decision granting summary judgment were based solely on Mount Carmel's pending offer to provide a peer review hearing to appellant. That offer was

made in October 1998, approximately four months after appellant filed suit. The relevant legal issue, however, is not whether appellant is now being offered certain administrative remedies; rather, the relevant issue is whether, prior to seeking legal redress, appellant availed himself of the administrative remedies provided under his employment contract and otherwise made available by the hospital. See *Nemazee, supra.*

Here, appellant alleges in his affidavit (1) that certain adverse action was taken against him by appellees in mid–1997; (2) that under the applicable Medical Staff By–Laws and Fair Hearing Plan, he was entitled to a hearing and appellate review upon request; (3) that he requested a hearing in mid–1997; and (4) that his request was refused. If true, which we presume for purposes of summary judgment, appellant did not fail to exhaust administrative remedies prior to seeking judicial review. Rather, Mount Carmel denied appellant the opportunity to avail himself of those remedies. In short, Mount Carmel cannot argue that appellant has failed to exhaust administrative remedies when those very remedies were not made available until after appellant filed his lawsuit.

We find, therefore, that the trial court erred in granting appellees' joint motion for summary judgment. Appellant's first assignment of error is well taken and sustained.

Given our disposition of appellant's first assignment of error, appellant's second and third assignments of error are rendered moot, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

KENNEDY and DESHLER, JJ., concur.